UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SONIA ENID PAVAO,<br><br>                Plaintiff,<br>   vs.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendant. | CIV. 16-5066-JLV<br><br>ORDER |

      Plaintiff Sonia Enid Pavao filed a complaint appealing the final decision of Nancy A. Berryhill,[1] the acting Commissioner of the Social Security Administration, finding her not disabled. (Docket 1). Defendant denies plaintiff is entitled to benefits. (Docket 9). The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF"). (Docket 11). For the reasons stated below, plaintiff's motion to reverse the decision of the Commissioner (Docket 13) is granted.

**FACTUAL AND PROCEDURAL HISTORY**

      The parties' JSMF (Docket 12) is incorporated by reference. Further recitation of salient facts is incorporated in the discussion section of this order.

---

      [1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed an application for social security disability insurance benefits alleging an onset of disability date of January 26, 2012. (Docket 12 ¶ 1). The administrative law judge ("ALJ") issued a decision finding plaintiff was not disabled. Id. ¶ 7; see also Administrative Record at pp. 23-35 (hereinafter "AR at p. ___"). Plaintiff requested review of the ALJ's decision and the Appeals Council denied her request for review and affirmed the ALJ's decision. (Docket 10 ¶ 7). The ALJ's decision constitutes the final decision of the Commissioner of the Social Security Administration. It is from this decision which plaintiff timely appeals.

The issue before the court is whether the ALJ's decision that Ms. Pavao was not "under a disability, as defined in the Social Security Act, at any time from January 26, 2012, [through June 30, 2013]" is supported by the substantial evidence in the record as a whole. (AR at p. 34) (bold omitted); see also Howard v. Massanari, 255 F.3d 577, 580 (8th Cir. 2001) ("By statute, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") (internal quotation marks and brackets omitted) (citing 42 U.S.C. § 405(g)).

**STANDARD OF REVIEW**

The Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006); Howard, 255 F.3d at 580. The court reviews the Commissioner's decision to determine if an error of law was committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992). "Substantial

evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted).

The review of a decision to deny benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account whatever in the record fairly detracts from that decision." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would decide the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is based on substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' " Reed, 399 F.3d at 920 (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)). Issues of law are reviewed *de novo* with deference given to the Commissioner's construction of the Social Security Act. See Smith, 982 F.2d at 311.

The Social Security Administration established a five-step sequential evaluation process for determining whether an individual is disabled and entitled to SSI benefits under Title XVI. 20 CFR § 416.920(a). If the ALJ

determines a claimant is not disabled at any step of the process, the evaluation does not proceed to the next step as the claimant is not disabled. Id. The five-step sequential evaluation process is:

> (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform . . . past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.

Baker v. Apfel, 159 F.3d 1140, 1143-44 (8th Cir. 1998). See also Boyd v. Sullivan, 960 F.2d 733, 735 (8th Cir. 1992) (the criteria under 20 CFR § 416.920 are the same under 20 CFR § 404.1520 for disability insurance benefits). The ALJ applied the five-step sequential evaluation required by the Social Security Administration regulations. (AR at pp. 46-54; see also Docket 10 ¶¶ 3-17).

### STEP ONE

At step one, the ALJ determined plaintiff had not been engaged in substantial gainful activity since "her alleged onset date of January 26, 2012 through her date last insured of June 30, 2013 . . . ." (AR at p. 25).

### STEP TWO

"At the second step, [the agency] consider[s] the medical severity of your impairment(s)." 20 CFR § 404.1520(a)(4)(ii). "It is the claimant's burden to establish that [her] impairment or combination of impairments are severe."

4

Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). A severe impairment is defined as one which significantly limits a physical or mental ability to do basic work activities. 20 CFR § 404.1521. An impairment is not severe, however, if it "amounts to only a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Kirby, 500 F.3d at 707. "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." Id. (citation omitted). Additionally, the impairment must have lasted at least twelve months or be expected to result in death. See 20 CFR § 404.1509.

The ALJ found plaintiff suffered from the following severe impairments: "multiple sclerosis, relapsing-remitting type; migraine headaches; and obstructive sleep apnea." (AR at pp. 25-26) (bold omitted).

**STEP THREE**

At step three, the ALJ determines whether claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR §§ 404.1520(d), 404.1525, and 404.1526. If a claimant's impairment or combination of impairments meets or medically equals the criteria for one of the impairments listed and meets the duration requirement of 20 CFR § 404.1509, the claimant is considered disabled. At that point the Commissioner "acknowledges [the impairment or combination of impairments] are so severe as to preclude substantial gainful activity. . . . [and] the claimant is conclusively presumed to be disabled." Bowen v. Yuckert, 482 U.S. 137, 141 (1987). A claimant has the burden of proving an impairment or combination of

5

impairments meet or equals a listing within Appendix 1. Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). If not covered by these criteria, the analysis is not over, and the ALJ proceeds to the next step.

At this step the ALJ determined plaintiff's severe impairments did not meet or equal a listing under Appendix 1. (AR at p. 26). Plaintiff does not challenge this finding.

**STEP FOUR**

Before considering step four of the evaluation process, the ALJ is required to determine a claimant's residual functional capacity ("RFC"). 20 CFR § 404.1520(e). RFC is a claimant's ability to do physical and mental work activities on a sustained basis despite any limitations from his impairments. 20 CFR § 404.1545(a)(1). In making this finding, the ALJ must consider all of the claimant's impairments, including those which are not severe. 20 CFR § 404.1545(e). All of the relevant medical and non-medical evidence in the record must be considered. 20 CFR §§ 404.1520(e) and 404.1545.

"The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." Lacroix v. Barnhart, 465 F.3d 881, 887 (8th Cir. 2006) (quoting Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004)); see also Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007) (stating because RFC is a medical question, the ALJ's decision must be supported by some medical evidence of a claimant's

6

ability to function in the workplace, but the ALJ may consider non-medical evidence as well); Guilliams, 393 F.3d at 803 ("RFC is a medical question, and an ALJ's finding must be supported by some medical evidence."). The ALJ "still 'bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence.'" Guilliams, 393 F.3d at 803 (quoting Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000)).

Plaintiff argues the ALJ erred in determining her RFC because he did not properly accord weight to medical opinion evidence. (Docket 14 at pp. 6-15). Plaintiff claims it was an error for the ALJ not to give controlling weight to the opinion of Steven Hata, M.D., her treating physician. Id. at pp. 6-7, 15. Setting aside whether or not Dr. Hata's opinion deserved controlling weight, plaintiff asserts the ALJ erred in weighing medical opinions under 20 CFR § 404.1527, which governs medical opinions not given controlling weight. (Docket 14 at pp. 8-13). Defendant contends the ALJ properly evaluated the record's medical opinion evidence. (Docket 17 at pp. 4-13). According to defendant, the ALJ properly denied Dr. Hata's opinion controlling weight because it was contrary to medical opinions of non-examining sources. Id. at pp. 9-10.

A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 CFR § 404.1527(c)(2); see Choate, 457 F.3d at 869. "A treating physician's opinions must be considered along with the

7

evidence as a whole, and when a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002) (citations omitted). The purpose of placing greater weight on a treating source is because they are "most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)[.]" 20 CFR § 404.1527(c)(2). "Generally, even if a consulting physician examines a claimant once, his or her opinion is not considered substantial evidence, especially if, as here, the treating physician contradicts the consulting physician's opinion." Lauer v. Apfel, 245 F.3d 700, 705 (8th Cir. 2001) (citing Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992)).

Because neither party disputes that Dr. Hata qualifies as a treating physician of plaintiff, the issue is whether the ALJ's refusal to assign controlling weight to Dr. Hata was proper because Dr. Hata's opinion was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 CFR § 404.1527(c)(2); see Choate, 457 F.3d at 869. The ALJ stated he denied controlling weight to Dr. Hata's opinion because the ALJ concluded the opinion was not consistent with other substantial evidence. (AR at p. 30). The ALJ presented his reasoning and conclusion as follows:

> When determining whether to assign *controlling* weight, I consider only the opinions of those medical sources who have actually treated the claimant. . . . In this case, treating sources have given opinions about the claimant's functional capacity, so I considered whether I should give controlling weight to the opinions of any of the claimant's treating sources.

8

> In addressing the issue of controlling weight, I must consider whether the regulatory requirements have been satisfied. In order for the opinions of a treating source to receive controlling weight, they must be "consistent" with "the other substantial evidence" in the record. Such other evidence may include the opinions of other treating sources as well as the opinions of non-treating medical sources. Non-treating sources include State and Regional Agency medical and psychological consultants, Consultative Examiners (CE), and Medical Experts (ME).
>
> In this case, other medical sources have indeed provided opinions about the claimant's functional capacity. The record includes opinions from at least one State Agency medical consultant about the claimant's functional capacity. Those opinions concluded that the claimant's limitations would not preclude the performance of substantial gainful activity. In addition, the record includes opinions from at least one Medical Expert (ME) about the claimant's functional capacity. The ME opinions, given in testimony during the hearing, concluded that the claimant's limitations would not preclude the performance of substantial gainful activity.
>
> The opinions that I have just summarized constitute the "substantial evidence" mentioned in the regulations. In this case, the treating source opinions are not "consistent" with "the other substantial evidence" in the record. Consequently, I find that the treating source opinions are not entitled to receive controlling weight.

Id. (citations and footnotes omitted) (emphasis in original).

The "treating source opinions" the ALJ refers to are the medical opinions of Dr. Hata. Id.; (Docket 12 ¶¶ 70-76). Although the ALJ does not specify the non-treating sources, those sources in the record include Howard Horsley, M.D., Tom Burkhart, M.D., and Steven Goldstein, M.D. (Docket 12 ¶¶ 67-69). Plaintiff claims the ALJ committed error because he violated the principle that non-examining sources "generally do not constitute substantial evidence." (Docket 14 at p. 15) (citing Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir. 2003)); see also Singh v. Apfel,

222 F.3d 448, 452 (8th Cir. 2000) ("[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence."). Defendant counters by arguing the United States Court of Appeals for the Eighth Circuit did not find error when an ALJ did not give controlling weight to a treating physician's opinion in light of contrary non-examining opinions. (Docket 17 at p. 10) (citing Ponder v. Colvin, 770 F.3d 1190, 1194-95 (8th Cir. 2014) (per curiam); Smith v. Colvin, 756 F.3d 621, 626-27 (8th Cir. 2014); Casey v. Astrue, 503 F.3d 687, 694 (8th Cir. 2007)).

Defendant is correct in claiming the Ponder, Smith and Casey cases involve courts affirming ALJs refusing to give controlling weight to a treating physician's medical opinion. See Ponder, 770 F.3d at 1194-95; Smith, 756 F.3d at 626-27; Casey, 503 F.3d at 691-93. But in those cases there was more than simply the existence of a non-examining physician's contrary opinion. In Ponder, the court concluded "[t]he record as a whole in this case, including the 'inconsistencies in the evidence,' Ponder's 'daily activities,' and the 'effectiveness [of her] medication,' casts significant doubt" on the medical opinion of claimant's treating physician. Ponder, 770 F.3d at 1194 (citation omitted). The Smith court found no error in an ALJ's decision to deny controlling weight to a treating source because the non-examining sources were "supported by better or more thorough medical evidence . . . ." Smith, 756 F.3d at 626-27. And in Casey, the court determined the treating

10

physician's opinion was not "consistent with medically acceptable clinical or laboratory diagnostic data." Casey, 503 F.3d at 692.

In this case, the ALJ stated he denied controlling weight to Dr. Hata's opinion because "the record includes" opinions from "State Agency medical consultant[s]" and a "Medical Expert" which had findings contrary to Dr. Hata's opinion. (AR at p. 30). Because there was tension between the treating and non-examining opinions, the ALJ decided "the treating source opinions are not consistent with the other substantial evidence in the record." Id. Unlike Ponder, the ALJ did not delve deeper into the record in making this determination. Ponder, 770 F.3d at 1194. The ALJ did not ground his conclusion on the "better or more thorough medical evidence" in the non-examining sources' opinions. See Smith, 756 F.3d at 626-27. Neither did the ALJ find Dr. Hata's opinion lacked consistency "with medically acceptable clinical or laboratory diagnostic data." See Casey, 503 F.3d at 692. The ALJ stated the "substantial evidence" on this point consisted of the non-examining medical opinions only. Id.

As established in Singh, Eighth Circuit law holds "[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence." Singh, 222 F.3d at 452. In this case, the ALJ determined the fact of two consulting physicians' opinions, which contrasted with Dr. Hata's opinions, was "substantial evidence . . . ." (AR at p. 30). However, the existence of a contrary

11

opinion from a non-examining source is not a sufficient basis alone for denying controlling weight to a treating physician's opinion. See Singh, 222 F.3d at 452; see also Brewer-Kite v. Colvin, 959 F. Supp. 2d 1176, 1189 (S.D. Iowa 2013) ("It is well settled law that the opinions of physicians who have not examined the claimant, do not constitute substantial evidence on the record as a whole upon which to base a denial of benefits."). As the Singh court stated regarding non-treating physicians' opinions, "[t]hese assessments alone cannot be considered substantial evince in the face of the conflicting assessment of a treating physician." Singh, 222 F.3d at 452 (citing Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991)). This is especially true because Dr. Hata's extended treating relationship with plaintiff substantiates his opinions. (Docket 14 at p. 13) (citing Docket 12 ¶¶ 37-14, 43-44, 46-54, 56-64).

The only basis the ALJ provided for not giving controlling weight to Dr. Hata's opinion is the fact of contrary opinions from consulting physicians. (AR at p. 30). The court finds this is error. See Singh, 222 F.3d at 452. "It is a well-settled principle of administrative law that a reviewing court may not uphold an agency decision based on reasons not articulated by the agency itself in its decision." Mayo v. Schiltgen, 921 F.2d 177, 179 (8th Cir. 1990); see Russel v. Colvin, No. 3:14CV00154, 2015 WL 3691256, a *1 n.1 (E.D. Ark. June 12, 2015) (citing this holding from Mayo and applying it in the Social Security context). Because the ALJ committed error in denying controlling weight to Dr. Hata's opinion,

12

the ALJ's RFC determination, which did not incorporate Dr. Hata's opinions, is not supported by substantial evidence. Singh, 222 F.3d at 452.

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion to reverse the decision of the Commissioner (Docket 13) is granted.

IT IS FURTHER ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing consistent with the court's analysis.

Dated September 29, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE